IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ASHLEY ALTON DIAMOND | : | PRISONER CIVIL RIGHTS |
| (#68039), REGINALD L. DAVIS | : | 42 U.S.C. § 1983 |
| (#73676), BOBBY LEE (#39917), | : | |
| JUSTIN BALTIMORE (#98874), | : | |
| and JORDAN PRUITT, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FLOYD COUNTY SHERIFF'S | : | |
| DEPT. et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 4:12-CV-65-HLM-WEJ |

**ORDER**

This Court received a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 where each of the Floyd County Jail inmates listed in the caption above was included either as a named plaintiff in the body of the complaint or signed an attachment appended to the complaint [1]. As far as the undersigned can determine from the inmates' joint filing, none of the inmates paid the $350 filing fee for a civil case, and only Ashley Alton Diamond included a motion–albeit incomplete–requesting permission to proceed in forma pauperis [2].

The United States Court of Appeals for the Eleventh Circuit has instructed district courts that when a pro se civil rights action is brought by prisoners

collectively–without separate payment by each prisoner of the filing fee–it should be dismissed without prejudice so that each prisoner may sue individually in a separate civil action.  See Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001).[1]  Accordingly, the undersigned will recommend in a separate Final Report and Recommendation that this case be dismissed without prejudice.

In Hubbard, the Eleventh Circuit approved the district court's decision to open sua sponte a separate civil action for each inmate.  The Clerk is **DIRECTED** to do that in this case for each of the five inmates listed in the caption above and to submit each of the five new cases to the undersigned for further consideration, once the new dockets have been created.

**SO ORDERED**, this 22nd day of March, 2012.


_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[1]  Although other circuits have approached the joinder issue differently, see, e.g., Hagan v. Rogers, 570 F.3d 146, 154 (3rd Cir. 2009) (collecting cases), this Court must adhere to the Eleventh Circuit's decision in Hubbard.

AO 72A
(Rev.8/82)